PATRICIA H. LYON, State Bar No. 126761
MAXINE FASULIS, State Bar No. 127687
FRENCH & LYON
Professional Corporation
One Sansome Street, Suite 750
San Francisco, CA  94104
Telephone:  (415) 597-7800
Facsimile:   (415) 243-8200
phlyon@frenchandlyon.com

Attorneys for Defendant,
ARASH BAHMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN ABBASZADEH ZAHABI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., ARASH BAHMAN, and DOES 1 - 50, inclusive,<br><br>　　　　　　Defendants. | CASE NO. C 12-00014<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER** |

　　　　WHEREAS Plaintiff Shirin Abbaszadeh Zahabi ("Plaintiff" or "Zahabi"), Defendant Bank of America, N.A. (the "Bank"), and Defendant Arash Bahman ("Bahman") (collectively, the "parties" or individually, a "party") anticipate there may be documents of a confidential nature which have or will be produced during the discovery process in the matter before this Court;

　　　　NOW THEREFORE, the parties agree as follows:

　　　　1.　　In connection with discovery proceedings in this action, a party may designate as

"Confidential" any document containing confidential information, as determined in good faith by the party making that designation ("designating party").

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Protective Order, the party making that designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning set forth herein.

3. Confidential documents shall be so designated by stamping copies of the document produced to any party with a legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party. The inadvertent failure to mark a document confidential shall not affect the confidentiality of the document or the right of designating party to claim the protection of this Protective Order at any time. Any document, whether marked "CONFIDENTIAL" or not, will be deemed to be confidential, if, by the nature of its contents, it is reasonably obvious that it is confidential. Upon notification to the other parties of an inadvertent failure to mark a document or documents "Confidential," the document or documents identified shall, from the date of notice forward, be subject to the protection of this Protective Order. Such information which is described as confidential and designated as confidential in the manner set forth herein shall be considered confidential information ("confidential information").

4. Confidential information shall not include any documents or information already known to the receiving party prior to disclosure during the discovery process or obtained by the receiving party after the disclosure and not obtained through the discovery process, documents or information necessary for the servicing and/or processing of the loan in dispute in this litigation, or documents or information which are part of the public domain.

5. Any party wishing to have a particular document not be subject to this Stipulation and Protective Order or to obtain information redacted in accordance with Civil Local Rule 79-5, may initiate a meet and confer process to resolve the issue. The challenging party shall provide

1  to the designating party in writing an outline of the procedural or substantive issues regarding the
2  confidential information designation and the basis for the party's belief that the confidential
3  information designation was improper.  The designating party will review the material at issue,
4  reconsider the circumstances, and provide a written response within ten (10) calendar days.
5  Failure to respond with ten (10) calendar days will constitute a waiver of the confidential
6  information designation as to the material at issue.

7        6.      If, after a good faith meet and confer regarding the material to which a challenge
8  regarding the confidential information designation has been raised, the designating party still
9  reasonably believes that the confidential information designation is proper or still refuses to revel
10 information the designating party redacted in accordance with Civil Local Rule 79-5, the
11 challenging party may apply to bring before the Court the question of whether any particular
12 document, material, or information is confidential or whether its use should be restricted.  This
13 Protective Order shall not be deemed to prejudice the parties in any way in any future
14 applications for modification of this Protective Order.

15       7.      Except as may be otherwise ordered by this Court, confidential information shall
16 be disclosed only to: (i) the parties to this lawsuit;  (ii) the parties' attorneys and their support
17 staff, investigators, agents and employees;  (iii) experts and consultants retained by the parties or
18 their attorneys to assist them in the preparation of this lawsuit;  (iv) the judiciary, its employees
19 and its agents, including jurors;  (v) court reporters, their transcribers, assistants and employees
20 hired to assist the parties or the judiciary;  (vi) witnesses at the trial of the action and deponents
21 in this action;  (vii) authors, subjects or recipients of the confidential information from whom any
22 of the parties obtained disclosure;  (viii) anyone as agreed to in writing by the parties.

23       8.      Unless otherwise agreed by all parties or ordered by the Court, all documents filed
24 or lodged with the Court that contain confidential information shall be filed or lodged in
25 accordance with Civil Local Rule 79-5 which includes but is not limited to filing documents in
26 sealed envelopes or other appropriate sealed containers labeled "CONFIDENTIAL: LODGED
27 CONDITIONALLY UNDER SEAL PENDING COURT ORDER," and an affixed cover sheet

which contains the entire case caption and a statement that the enclosed record is subject to a motion to file the enclosed record under seal, until further order of this Court.  Any Court hearing which refers to or describes confidential information may be held in camera, at the Court's discretion.

9. If any party to this stipulation learns that, by inadvertence or otherwise, it has disclosed confidential information to any unauthorized person or in any circumstances not authorized under this Protective Order, that party must immediately a) notify in writing the party designating the information as confidential information of the unauthorized disclosures;  b) use its best efforts to retrieve all unauthorized copies of the confidential information;  and c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

10. Upon the final disposition (including any appeal, writ, review or rehearing) of this action, the parties in receipt of confidential information furnished pursuant to the terms of this Protective Order and in possession of any copies thereof and any notes taken from such confidential information which are not in custody of the Court shall have the option of destroying, returning to the disclosing party within forty-five (45) days, or storing and protecting the confidential information.  A party who chooses to destroy or store and protect the confidential information in its possession shall provide certification of such destruction or storage and protection in writing to the disclosing party within forty-five (45) days of the final disposition of this action.  Notwithstanding the foregoing, parties and their attorneys shall have no obligation to return copies of pleadings, attorney notes or attorney-client communications containing confidential information.  However, that confidential information shall, nonetheless, remain subject to the terms of this Protective Order and may not be used in any manner inconsistent therewith.

11. Nothing contained herein shall prevent or preclude the use of documents, correspondence, materials, or information designated as confidential information in the prosecution or defense of this action or any of the proceedings herein, provided that the use of

such confidential information is made with full and complete compliance with all provisions of this Protective Order.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independently of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

13. This Protective Order is subject to later modification by the Court on application of any party or on its own motion. This Protective Order is without prejudice to the right of a party to apply for an order modifying or limiting any designation of information or documents as confidential information

14. Neither the entry of this Protective Order, nor the designation of any information or documents as confidential information or failure to make such a designation, shall constitute evidence or an admission with respect to any issue in this case, and shall not constitute a waiver of any objections to the disclosure of confidential information. Nothing in this Protective Order shall be construed to require any party to disclose to any other party any confidential information, or to prohibit any party from refusing to disclose confidential information to any other party. Nothing in this Protective Order nor the production of any information or documents under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party.

15. For purposes of this Protective Order, the litigation shall be deemed to have been terminated when a judgment or dismissal with prejudice has been entered which has become final as to all parties, and all appeals have been concluded or the right to appeal has expired, or at such earlier time as the parties may in writing agree.

SO STIPULATED

Dated:  October 18, 2013

Respectfully submitted,

**LAW OFFICES of ROBERT F. KANE**

**COMMUNITY LEGAL SERVICES IN EAST PALO ALTO**

By: /s/ *Robert F. Kane, Esq.*
Robert F. Kane, Esq.
Attorneys for Plaintiff,
Shirin Abbaszadeh Zahabi

Dated:  October 18, 2013

**AKERMAN SENTERFITT LLP**

By: /s/ *Preston Ascherin Esq.*
Preston Ascherin, Esq.
Attorneys for Defendant,
Bank of America, N.A

Dated: October 18, 2013

**FRENCH & LYON**

By: /s/ *Maxine Fasulis, Esq.*
Maxine Fasulis, Esq.
Attorneys for Defendant,
Arash Bahman

*I hereby attest that I have received approval for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

ORDER

IT IS SO ORDERED.

Dated:  10/21/13

_____

JUDGE OF THE U.S. DISTRICT COURT